IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TANGI TRUELOVE**                                                                                 **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.** 4:22CV153-DMB-JMV

**YOUTH VILLAGES, INC.**                                       **DEFENDANT**

                                                                                   **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for race discrimination. The following facts support the action:

1.

Plaintiff TANGI TRUELOVE is an adult resident citizen of 1309 Highway 442, Doddsville, Mississippi 38736.

2.

Defendant YOUTH VILLAGES, INC. is a Tennessee corporation doing business in the State of Mississippi. Defendant may be served with process through its registered agent, URS Agents Inc., 248 East Capitol Street, Suite 840, Jackson, Mississippi 39201.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, to redress a claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. This Court also has federal question jurisdiction over violations of the Fair Labor Standards Act, under 28 U.S.C. § 1331.

4.

Plaintiff is a white female with a Bachelor's Degree in psychology.

5.

Plaintiff interviewed with Ms. (f/n/u) Johnson who worked in Human Resources via Zoom and was hired by Youth Villages on August 22, 2021, as a Primary Service Coordinator, working out of its Greenwood, Mississippi office.

6.

The top person at that office was Yolande Head (black). Head appeared to dislike to Plaintiff. Since Head did not know Plaintiff, a motivating factor must have been because of her white, race.

7.

On the eighth day Plaintiff was employed, Head called Plaintiff at home around 8:00 p.m., screaming at her because she had not answered the first time she called. When Plaintiff explained she had just gotten a new phone and the apps were swapping over, Head continued to scream at Plaintiff and said that she was on call and she must answer the phone on the first ring. Head then accused Plaintiff of hiding something because Plaintiff did not pass the Department of Homeland Security check. Plaintiff told Head that was impossible because she had never done anything that could cause her not to pass the background check. Head screamed at Plaintiff and said that she ran

Plaintiff's name twice, and then accused Plaintiff of going by a fake name, or else she had done something wrong. Head then hung up on Plaintiff. Plaintiff went to the Homeland Security website and it showed that Head had tried to verify Plaintiff's identity twice, but had misspelled her name. Apparently, Head tried a third time because it verified Plaintiff's employment for Youth Villages.

8.

After Plaintiff started working for Youth Villages, Head made Plaintiff work some days from 8:00 a.m. until 9:00 p.m. Plaintiff was not being paid overtime for working these extra hours. Plaintiff complained about this obvious violation of the wage and hour laws.

9.

After working around one month, Plaintiff was called into the office by Head, in the presence of a Human Resources representative and Adrienne James, and was told she was not Youth Villages' material. Plaintiff was falsely accused of talking about a child's biological parents in front of the child, and telling a parent to make a child wear a dirty diaper. Plaintiff was fired on the spot. Defendant never asked the employee who was training her, Kenyetta LNU, about the incidents for which it was terminating her.

10.

Plaintiff called the woman who allegedly complained about her, and the woman told Plaintiff that it was just a misunderstanding. Plaintiff also found out that the woman never called and complained about Plaintiff, but, instead, Head solicited the complaint against Plaintiff.

11.

Plaintiff was on call 24/7 and was not paid for working overtime. Further, Plaintiff was docked when she missed work for a doctor's appointment. As such, Youth Villages also violated the Fair Labor Standards Act.

12.

Youth Villages is liable for race discrimination and for violation of the FLSA substantive and retaliation provisions.

13.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

14.

Plaintiff has suffered lost income, mental anxiety and stress as a proximate result of Defendant's actions. Because Defendant's actions were outrageous, punitive damages are warranted.

**REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

-5-

RESPECTFULLY SUBMITTED, this the 3rd day of October, 2022.

                                                          TANGI TRUELOVE, Plaintiff

By:   */s/ Jim Waide*
        Jim Waide, MS Bar No. 6857
        Ron Woodruff MS Bar No. 100391
        waide@waidelaw.com
        WAIDE & ASSOCIATES, P.A.
        332 North Spring Street
        Tupelo, MS 38804-3955
        Post Office Box 1357
        Tupelo, MS 38802-1357
        (662) 842-7324 / Telephone
        (662) 842-8056 / Facsimile

        ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF Lee

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named TANGI TRUELOVE, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
TANGI TRUELOVE

GIVEN under my hand and official seal of office on this the 29th day of Aug., 2022.

(SEAL)
ID # 50384
KAREN N. DEMPSEY
Commission Expires
Sept. 17, 2025
LEE COUNTY

_____
NOTARY PUBLIC

My Commission Expires: 9-17-2025